UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE ROMOS-GONZALES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:15-cv-00005-BLW<br>             1:11-cr-00141-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Petitioner Jose Romos-Gonzales' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Civ. Dkt. 1, to which the government has filed a response, Civ. Dkt. 6. Having reviewed the briefing and the record in this action, the Court enters the following Order denying the Motion to Vacate, Set Aside, or Correct Sentence.

## BACKGROUND

Following a jury, the Petitioner ("Romos-Gonzales") was convicted on March 12, 2012, of two counts: one count of possession with conspiracy to distribute methamphetamine, and one count of distribution of methamphetamine. Crim. Dkt. 15. Attorney Jeffrey Brownson was his appointed counsel. On June 5, 2012, this Court sentenced the Petitioner to 188–235 months' imprisonment. Crim. Dkt. 158. The Petitioner appealed and was again represented by Jeffrey Brownson. Crim. Dkt. 160. The

Ninth Circuit Court of Appeals affirmed the judgment. Crim. Dkt. 207.

Following the denial of his petition for a writ of certiorari, Romos-Gonzales timely filed the present § 2255 Motion alleging that his conviction was based on ineffective assistance of counsel by his trial and appellate counsel, Jeffrey Brownson. Specifically, petitioner alleges that counsel was deficient for: (1) usurping petitioner's right to testify in his own defense; (2) abandoning meritorious arguments at the suppression hearing; (3) failing to object to the obstruction enhancement at sentencing; and (4) failing to appeal the district court's application of the obstruction enhancement. Civ. Dkt. 1. The Government contends that Romos-Gonzales has not met his burden of showing that counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by any alleged deficiencies. Civ. Dkt. 6.

## LEGAL STANDARD

1. **Section 2255 Standard**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from

the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." If the Court does not summarily dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." *Id.*

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254, incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255. If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

2.  **Ineffective Assistance of Counsel Standard**

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See Strickland v.*

*Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

To establish deficient performance, a petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Id.* at 688. This may be shown where "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 686–87. There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence…" *Id*.

To establish prejudice, a petitioner must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381–82 (1986). In assessing whether the result would have been different, the Court should consider "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

Both prongs of the Strickland test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that

render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687) (alterations in original). In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order because both must be met. *See Strickland*, 466 U.S. at 697.

## DISCUSSION

**1.     Procedural Default**

In his Motion, Romos-Gonzales concedes that he did not raise his claims on direct appeal but argues that the record was inadequately developed to allow review of the ineffective assistance of counsel claims on direct review. Civ. Dkt. 1.

Generally, a petitioner collaterally attacking his conviction or sentence procedurally defaults his claims by not raising them on direct appeal, unless he can show cause and prejudice for failing to do so or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1988)). However, claims of ineffective assistance of counsel are exempted from the procedural default rule. *Massaro v. United States*, 538 U.S. 500 (2003). Such claims are more appropriately brought in a § 2255 proceeding than on appeal because they generally require development of a factual record beyond the trial record. *Id*. at 504–05. Therefore, pursuant to *Massaro*, Romos-Gonzales' claims are not procedurally barred and the Court will proceed to the merits of these claims.

## 2. Usurping Movant's Right to Testify

Romos-Gonzales contends that his counsel was ineffective for failing to call him to the stand to testify on his own behalf. He further argues that his counsel's actions deprived him of his right to assert his innocence on both the conspiracy and distribution charges. Romos-Gonzales alleges that Brownson would not allow him to testify and that counsel would not call any witnesses.

A defendant's constitutional right to testify in his own behalf is implicit in the Fifth, Sixth, and Fourteenth Amendments. *Rock v. Arkansas*, 483 U.S. 44, 51–53 (1987). The decision to testify is both "an important tactical decision as well as a matter of constitutional right." *Brooks v. Tennessee*, 406 U.S. 605, 612 (1972). "Although the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to have him testify." *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993). Thus, a defendant's "silence" after his attorney decides not to call him as a witness implies that he has waived the right to testify on his own behalf. *See United States v. Pino–Noriega*, 189 F.3d 1089, 1095 (9th Cir.), *cert. denied*, 528 U.S. 989 (1999). "[A] defendant who wants to reject his attorney's advice and take the stand may do so 'by insisting on testifying, speaking to the court, or discharging his lawyer.'" *Id.* at 1094–95 (citations omitted).

Here, Romos-Gonzales waived his constitutional right to testify when he was "silent in the face of his attorney's decision not to call him as a witness." *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993) (citing *Edwards*, 897 F.2d at 447).

Accordingly, the Court will only address whether counsel was ineffective for advising petitioner not to testify.

Brownson advised Romos-Gonzales of his right to testify on two occasions during trial. *See Brownson Decl.*, Ex. 1, Civ. Dkt. 6-1. After the second day of trial, Brownson met with the Petitioner and informed him that he "thought it would be in Mr. Romos-Gonzales' best interest if Mr. Romos-Gonzales did not testify and explained the reasons for" that opinion. *Id.* Co-counsel Mr. Gardner concurred. *Id.* The Petitioner indicated that if Brownson felt the same way the next day, he would follow Brownson's advice. *Id.* Brownson took notes of this meeting, indicating that the Petitioner was advised of his decision to testify and it was his decision whether to testify, and that the he would follow counsel's advice. *Id.* The following day, the Court took a recess so Brownson could confer with Romos-Gonzales, who confirmed again during that meeting that he would follow counsel's advice and not testify.

Given the nature of the charges, the concerns expressed by counsel, and the Court's own observations, the Court finds that Brownson's decision to advise Romos-Gonzales not to testify was a reasonable tactical choice. *Strickland*, 466 U.S. at 699. In

the absence of any evidence to the contrary, Romos-Gonzales failed to meet his burden of showing grounds upon which relief could be granted. This claim must be dismissed.

3.      **Abandoning Meritorious Arguments at Suppression Hearing.**

Romos-Gonzales contends that counsel was deficient in abandoning a meritorious argument that the waiver of his *Miranda* rights was invalid and that the statements made to police should therefore be suppressed.

A defendant's waiver of *Miranda* rights "must be voluntary, and it must be knowing and intelligent." *Cox v. Del Papa,* 542 F.3d 669, 675 (9th Cir. 2008). "The crucial inquiry into voluntariness is whether the police conduct was coercive." *Id.* For a waiver to be knowing and intelligent, it must be "the product of a rational intellect and a free will." *Gladden v. Unsworth,* 396 F.2d 373, 380–81 (9th Cir. 1968).

Here, counsel did file a motion to suppress, alleging that the waiver of Romos-Gonzales' *Miranda* rights was involuntary, and that the statements made to police should therefore be suppressed, because (1) he repeatedly invoked his right to counsel prior to questioning; (2) he was not provided with a neutral and impartial translator, but rather a bilingual law enforcement officer; and (3) officers "distorted the nature of Mr. Romos' custody and the reason for their investigation" by suggesting that he was not the focus of their investigation[.]" *Memo in Support of Mot. to Suppress* at 5, 8–9, Crim. Dkt. No. 36-1.

Romos-Gonzales asserts that counsel abandoned these arguments during the suppression hearing. Civ. Dkt. 1 at 5. However, the hearing transcript demonstrates that

counsel did not abandon the invocation of counsel argument. *See, e.g.*, *Suppression Hrg. Tr.* at 68:24 – 69:8; 95:9–25, Crim. Dkt. No. 92. Indeed, the hearing focused on this disputed issue, which largely turned on witness credibility. *See Id*. The Court concluded that Petitioner did not unequivocally and unambiguously invoke the right to counsel. *Id.* at 185:30–186:8.

Counsel did abandon the remaining two arguments at the suppression hearing. However, this was a strategically sound choice. Counsel was unable to provide any evidence that the translator engaged in coercive conduct, that his translations were inaccurate, or that the officer's translations otherwise rendered the waiver involuntary. Rather, the record demonstrated that the bilingual officer read Romos-Gonzales his *Miranda* rights in Spanish, that petitioner understood the recitation, and that petitioner subsequently agreed to speak with the police voluntarily. *Id.* at 39:18 – 45:15. Romos-Gonzales also signed a *Miranda* form prior to speaking with the police. *Id*. The form contained the full *Miranda* warning in both English and Spanish. *Id.*

Brownson's claim that officers distorted the nature of their investigation was also unsubstantiated by the record. Brownson indicated that he would pursue this argument if supporting evidence came forward during the hearing. *Id.* at 69:17–25. He was unable to elicit such testimony, however, and instead focused on what the the Court indicated was his strongest argument—the invocation of counsel. *Id.* at 69:2–8, 70:3–8.

Brownson's decision to forego two futile arguments regarding the voluntariness of the Romos-Gonzales' statements, in favor of his strongest claim, was an informed

strategic choice and well within the objective standard of reasonableness. Furthermore, petitioner here alleges no facts to support the claims about the translator impartiality or officer deception. Without this showing, this court cannot find that he was prejudiced by his counsel's decision to abandon these arguments. Accordingly, petitioner is not entitled to relief on this claim.

4. **Obstruction Enhancement at Sentencing**

Romos-Gonzales next argues that trial counsel was deficient for failing to object to an erroneous application of the "willfulness" requirement when imposing an obstruction-of-justice enhancement during sentencing. Petitioner's claim fails for the simple reason that Brownson did repeatedly challenge the obstruction-of-justice enhancement at sentencing, on grounds that the Court had not made the requisite finding of "willfulness." He filed an objection to the presentence investigation report's application of the obstruction enhancement. *Obj. PSR* at 1–2, Crim. Dkt. 148. He also argued in his sentencing memorandum that the court should not apply the enhancement. *Def. Sent. Mem.* at 4, Crim. Dkt. 157. Finally, he reiterated the same argument orally at the sentencing hearing. *Sentencing Hrg. Tr.* at 23:22 – 25:13, Crim. Dkt. 173. Therefore, Petitioner's claim has no merit.

5. **Failure to Appeal Obstruction Enhancement.**

Romos-Gonzales argues that appellate counsel was deficient for failing to challenge on appeal the sentencing court's application of the obstruction of justice enhancement.

Peitioner fails to establish that this decision was deficient or prejudicial. U.S.S.G. § 3C1.1 provides for a two-level sentencing enhancement if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." A defendant's perjury at trial or at a suppression hearing can supply the basis for application of the § 3C1.1 enhancement. *See United States v. Dunnigan*, 507 U.S. 87, 98 (1993); *United States v. Alvarado-Guizar*, 361 F.3d 597, 600 (9th Cir. 2004). Before applying the enhancement, the court must establish all of the factual predicates that support a finding of perjury: falsity, materiality, and willfulness. The Defendant's argument about the application of the obstruction of justice enhancement was based on the Court's failure to make these necessary factual findings. However, the hearing transcript demonstrates that the Court expressly made the necessary findings. *See Sentencing Hr. Tr.* at 31:7–34:7, Crim. Dkt. 173. The Court found that petitioner willfully provided false testimony, on material matters, during both the suppression hearing and at trial. *Id.*

Because the sentencing court's decision was consistent with the evidence and established law, Romos-Gonzales has failed to demonstrate that there is a "reasonable probability that, but for counsel's [decision not to press this claim], [he] would have prevailed on appeal." *See Miller,* 882 F.2d at 1434. Moreover, Brownson's decision to forego this argument fell within the range of reasonable professional assistance. "[T]he

weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). On appeal, Brownson identified several stronger grounds for challenging his conviction, including the court's denial of the motion to suppress and statements made during the Government's closing argument. He made a strategic decision to not include the obstruction enhancement because there was only a remote chance that the appeals court would find that the sentencing court abused its discretion in applying the guidelines. Therefore, this claim must be dismissed.

## CONCLUSION

Counsel in any trial must make numerous strategic decisions. "Representation is an art and act or omission that is unprofessional in one case may be sound or either brilliant in another." *Strickland,* 466 U.S. at 693. As stated in *Strickland*, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client the same way." *Strickland,* 466 U.S. at 689. In assessing counsel's overall performance, the Court is confident that Romos-Gonzales received the effective assistance of counsel necessary to maintain the integrity of the adversarial process as required by *Strickland.* Accordingly, Romos-Gonzales' § 2255 Motion shall be denied.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.

App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Romos-Gonzales' motion to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 260) is **DENIED**.

2. No certificate of appealability shall issue. Romos-Gonzales is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)

and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Romos-Gonzales files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: May 1, 2017

B. Lynn Winmill
Chief Judge
United States District Court